NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMERSON ELECTRIC CO.,**
*Appellant*

**v.**

**SIPCO, LLC,**
*Appellee*

---

2021-1881

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-01895.

---

Decided:  May 17, 2022

---

JAMES LAWRENCE DAVIS, JR., Ropes & Gray LLP, East Palo Alto, CA, argued for appellant.  Also represented by JAMES RICHARD BATCHELDER, DANIEL W. RICHARDS; DOUGLAS HALLWARD-DRIEMEIER, Washington, DC.

GREGORY J. GONSALVES, Gonsalves Law Firm, Falls Church, VA, argued for appellee.

---

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

MOORE, *Chief Judge*.

Emerson Electric Company appeals the Patent Trial and Appeal Board's final written decision determining claims 1–3, 6, 10, 14, 16, and 18 of U.S. Patent No. 7,697,492 are not unpatentable.[1]  Because the Board erroneously construed "scalable address" of claims 1–3, 6, 14, 16, and 18 and "scalable address field" of claim 10, and because the Board premised its patentability determinations on its erroneous constructions, we vacate and remand.

## BACKGROUND

This is the second time this case has come before us.  In *SIPCO, LLC v. Emerson Electric Co.*, SIPCO appealed the Board's final written decision determining certain claims of the '492 patent were anticipated by or would have been obvious over U.S. Patent No. 5,673,252 (Johnson).  794 F. App'x 946, 947 (Fed. Cir. 2019) (non-precedential).[2]  In that early case, SIPCO argued that the Board based its determinations on an erroneous construction of the "scalable address" limitation.  Specifically, it argued the Board's construction improperly included the full "to" address of a disclosed packet message protocol.  *Id.* at 949.  We agreed the Board's construction was erroneous.  *Id.*  We held the claim language requires two distinct, albeit overlapping, addresses—a receiver address and a scalable address—and that the receiver address, not the scalable address, corresponds to the "to" address described in the '492 patent's written description.  *Id.*  We further held that the scalable

---

[1]    Emerson does not appeal the Board's decision as to claims 15, 17, 19–21, or 25.

[2]    A summary of the '492 patent, as well as the procedural history underlying SIPCO's appeal, are set forth in our prior decision.  *See SIPCO*, 794 F. App'x at 947–48.

address corresponds only to the "portion of the receiver address that identifies the unique recipient or recipients" of a given message and that the Board erred in giving the term a broader scope. *Id.* at 950. Because the Board relied upon its erroneous construction in determining that Johnson discloses the "scalable address" and "scalable address field" limitations, we vacated and remanded. *Id.* at 950–51.

On remand, the Board found that Johnson does not disclose the "scalable address" limitations. *Emerson Electric Co. v. SIPCO, LLC*, No. IPR2016-01895, 2021 WL 626446, at *6–9 (P.T.A.B. Feb. 17, 2021). It reasoned that Johnson's destination address could not be a scalable address because it comprises a device type code (i.e., a code identifying the destination device type), which the Board understood our decision in *SIPCO* to not allow. *Id.* at *7.

Emerson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's claim construction de novo except for necessary underlying facts based on extrinsic evidence, which we review for substantial evidence. *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765, 769 (Fed. Cir. 2018). For *inter partes* review petitions filed before November 13, 2018, as is the case here, the Board construes claim terms to have their "broadest reasonable interpretation consistent with the specification." *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 742 (Fed. Cir. 2016).

We hold the Board erred in construing "scalable address" and "scalable address field" to categorically exclude type codes. Neither the claim language nor the written description supports such a negative limitation. The claims are silent as to the inclusion or exclusion of type codes, and although the written description discusses the use of type codes in certain embodiments, *see, e.g.*, '492 patent at 9:64–

66, it does not contain any clear disclaimer or lexicography categorically excluding type codes from the scalable address or scalable address field. Indeed, SIPCO does not argue otherwise. The intrinsic record does not support the Board's importation of a negative limitation, particularly under the broadest-reasonable-interpretation standard. *See Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (holding that negative limitations must find support either in "the words of the claim" or through an "express disclaimer or independent lexicography in the written description that would justify adding that negative limitation." (citing *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366–67 (Fed. Cir. 2002))).

The Board incorrectly read our decision in *SIPCO* to impose such a limitation. We identified the scalable address by its *function*—it is the "portion of the receiver address that *identifies* the unique recipient or recipients" of a message. *SIPCO*, 794 F. App'x at 950 (emphasis added). Thus, whether a particular portion of an address is nominally classified as a type code is irrelevant; what matters is the function that portion performs. If Johnson's type code is necessary to identify the unique recipient(s) of a message, it may form part of the scalable address. That some type codes may not satisfy this criterion is no basis to categorically exclude all type codes from the claimed "scalable address" or "scalable address field." The Board erred in interpreting *SIPCO* to hold otherwise.

It appears the Board's error arose from our discussion of particular kinds of type codes disclosed in an embodiment in the '492 patent. *See Emerson*, 2021 WL 626446, at *4 (citing *SIPCO*, 794 F. App'x at 949–50 as "contrasting the 'identification base' bytes (type byte) with the 'unique transceiver address'"); *id.* at *9 (same). In the cited passage, we discussed an embodiment in which the "to" address of a message consists of six bytes, including a type byte, identification base bytes, and bytes that can be used for the unique transceiver address(es). *SIPCO*, 794 F.

App'x at 949–50 (citing '492 patent at 9:64–66). That discussion addressed the question before us at the time: whether the scalable address corresponds to the full "to" address, as the Board stated, or only the unique transceiver addresses identifying the remote devices. *Id.* In answering that question, we did indeed contrast the type and identification base bytes with bytes identifying the unique transceiver address because in that embodiment the type bytes did not identify the unique recipient. We did not hold, however, that type bytes can *never* form part of the scalable address, even if necessary to identify the unique transceiver recipients. That question was neither before us on appeal nor pertinent because the type bytes we discussed were those described in the '492 patent, not type bytes in general. As such, to the extent the Board interpreted this discussion to categorically exclude type codes from the claimed "scalable address" limitations, that interpretation was erroneous.

Because the Board erred in its construction of "scalable address" and "scalable address field," we vacate its determination that Johnson does not anticipate and would not have rendered obvious these limitations and remand for further proceedings consistent with this opinion.[3]

CONCLUSION

The Board erred in construing "scalable address" and "scalable address field" to categorically exclude type codes. We therefore vacate its findings based on its erroneous construction and remand.

---

[3]    Emerson urges us to reverse rather than vacate and remand. This would require us, however, to resolve factual disputes, such as whether Johnson's destination address has a uniform number of bits and thus is not scalable. We decline to do so.

## VACATED AND REMANDED

COSTS

No costs.